IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30693
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVORY GARNER WILSON, also known as Boo Boo Wilson,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
(95-CR-60-3-B-M1)

_____

June 9, 1998

Before GARWOOD, JONES and STEWART, Circuit Judges.[*]

PER CURIAM:

Ivory Garner Wilson appeals from his sentence following
resentencing for conspiracy to possess with intent to distribute
cocaine base, possession with intent to distribute cocaine base,
and using and carrying a firearm in relation to a drug-trafficking
crime.  18 U.S.C. § 924(c)(1); 21 U.S.C. §§ 841(a)(1), 846.  Wilson

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that he should have been sentenced under the "safety valve" provision of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) as to the charge of using and carrying a firearm during a drug-trafficking crime. Wilson contends, for the first time on appeal, that an unwarranted sentencing disparity exists between his sentence and that of a codefendant. Wilson also argues, for the first time on appeal, that the district court erred in failing to award him a downward departure from the guidelines.

Pursuant to section 5C1.2, for controlled substance offenses under 21 U.S.C. §§ 841, 844, 846, 960, or 963, qualified defendants shall be sentenced in accordance with the applicable guidelines range, without regard to any statutory minimum sentences. Section 5C1.2; *see United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). Because using and carrying a firearm in relation to a drug-trafficking crime under section 924(c)(1) is not a qualified controlled substance offense, the district court did not err in refusing to apply that provision in sentencing Wilson for using and carrying a firearm in relation to a drug-trafficking crime. *See* § 5C1.2; § 3553(f).

Even assuming the disparate sentencing issue is within the scope of this Court's remand for resentencing, Wilson has not demonstrated error, plain or otherwise, with respect to his argument of disparate sentences. *See United States v. Brown*, 29 F.3d 953, 959 (5th Cir. 1994); *United States v. Sparks*, 2 F.3d 574,

587 (5th Cir. 1993).  The issue of a downward departure was beyond the scope of the remand and, therefore, not proper for reconsideration by the district court.  *United States v. Marmolejo*, ___ F.3d ___ (5th Cir. Apr. 21, 1998, No. 97-20378), 1998 WL 188089 at *3.  Wilson has not demonstrated error, plain or otherwise, in the district court's refusal to grant him a downward departure.  And, section 924(c)(1) provides for a mandatory five-year nonconcurrent sentence.  *See Brown* at 560.

AFFIRMED